UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CHRISTOPHER CABALLERO, JEREMY CORTRIGHT, and CONROD LAIRD, individually and behalf and all others similarly situated,

                        Plaintiffs,

                vs.

ZALOUMIS CONTRACTING SERVICE, INC., d/b/a/ CONNECT/ONE, and MATTHEW ZALOUMIS.

                        Defendants.

Case No. 11-cv-1121

------------------------------------------------------------X

TO: **ALL INDIVIDUALS WHO HAVE WORKED FOR ZALOUMIS CONTRACTING SERVICE, INC., d/b/a CONNECT/ONE OR MATTHEW ZALOUMIS IN THE POSITION OF CABLE INSTALLER/TECHNICIAN AT ANY TIME DURING THE PERIOD OF FEBRUARY 18, 2005 THROUGH MARCH 1, 2012.**

DATED: _____, 2012

### PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

### INTRODUCTION AND SUMMARY OF CLASS ACTION SETTLEMENT

Former cable technicians/installers of Defendants Zaloumis Contracting Service, Inc., d/b/a Connect/One, and Matthew Zaloumis (hereinafter "Defendants" or "Zaloumis") have filed a lawsuit for unpaid overtime wages and other damages. The case is pending in the United States District Court for the Southern District of New York with the Honorable Deborah A. Batts presiding. Plaintiffs allege in the lawsuit that, among other things, Defendants failed to pay them and other similarly situated cable installers/technicians for all of the hours that they worked and failed to pay a full overtime premium for the hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law.

Plaintiffs and Zaloumis have agreed to settle the action subject to the approval of the Court, which will resolve all claims of cable technicians/installers for unpaid wages against ZALOUMIS

CONTRACTING SERVICE, INC., d/b/a CONNECT/ONE, MATTHEW ZALOUMIS. BR MANAGEMENT, LLC, CBA MANAGEMENT, LLC, and CABLEVISION SYSTEMS CORPORATION and CSC HOLDINGS, LLC, f/k/a CSC HOLDINGS, INC.  Defendants have agreed to pay $205,000 into a Settlement Fund, in three equal installments, which will be used to pay current and former cable technicians/installers who qualify in the event the settlement is approved.

Defendants deny any wrongdoing, but have decided to settle the case.  The Court has not decided who is right and who is wrong.

Your legal rights may be affected, and you have a choice to make now.  These rights and options are summarized below and fully explained in this Notice.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**PARTICIPATE**   To participate in the settlement and receive a payment, you do not need to take any action.  Checks will be mailed to you in the three equal payments after the Court approves the settlement.

**EXCLUDE YOURSELF**   If you exclude yourself from the settlement, you will receive **no** payment.  You will, however, retain the right to bring a lawsuit concerning the same allegations made in this action if the time to bring a claim has not already passed.  If you wish to exclude yourself from the lawsuit you must follow the directions outlined in response to question 12 below.

**IMPORTANT DEADLINES:**

- Deadline to Exclude Yourself from Settlement:  [60 days from date of initial mailing]

- Deadline to Object to Settlement:  [60 days from date of initial mailing]

# BASIC INFORMATION

**1.    Why did I receive this notice?**

You have received this notice because Defendants' records show that you previously worked for Defendants as a cable installer/technician at any time during the period of February 18, 2005 through March 1, 2012.  You are eligible to receive money from this settlement.  This notice explains the lawsuit and the terms of the Settlement including your rights and obligations.

| **2.** | **What is a class action?** |
|---|---|

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. District Court Judge Deborah A. Batts, for the United States District Court for the Southern District of New York, has certified this case as a class action for settlement purposes in order to resolve these claims in a timely, fair, and efficient manner.

| **3.** | **Why is there a settlement?** |
|---|---|

Class Counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiffs and a significant sample of the putative Class Members and evaluated Defendants' financial ability to pay a judgment. Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs and Class Members.

| **4.** | **How do I know if I am part of the settlement?** |
|---|---|

You are a Class Member and part of the settlement if you worked as a cable installer/technician at any time between February 18, 2005 through March 1, 2012.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **5.** | **What does the settlement provide?** |
|---|---|

Defendants have agreed to create a total settlement fund in the amount of $205,000.00, to be paid in three equal installments, a portion of which will be divided among Class Members based on the number of weeks worked during the relevant time period they were employed by Defendants.

| **6.** | **How much will my payment be?** |
|---|---|

The estimated amount of your settlement share reflects the number of weeks you worked during the period February 18, 2005 through March 1, 2012.

3

| 7. | Payment to Class Representatives |

The Settlement proposes that CHRISTOPHER CABALLERO, JEREMY CORTRIGHT, CONROD LAIRD, PEDRITO GEORGE and JASON TURNER the Plaintiffs, who took a lead role in this litigation and assisted in its resolution, each receive service payments of $2,500.00 in compensation for taking a leading role in this litigation, for their significant involvement and time in discovery and preparing for the mediation for the benefit of the settlement classes.

| 8. | No Retaliation or Discrimination |

The FLSA and New York State Labor Laws prohibit Defendants from discharging you or discriminating against you in any other way because you have exercised your right under the FLSA or state law to participate in this settlement.

# HOW YOU GET A PAYMENT

| 9. | How can I get my payment? |

If you wish to receive a distribution from the settlement fund, you do not have to take any action now. You will be mailed a settlement check if the settlement is approved by the Court.

| 10. | When will I get my payment? |

The Settlement Claims Administrator will make three payments to the class member. The first will be one third of the Class Member's share of the settlement and be paid approximately ten (10) days after the Final Effective Date; the second payment will be made approximately six months from the Final Effective Date; and the third twelve months from the Final Effective Date.

| 11. | What am I giving up to get a payment or stay in the Class? |

If the Court grants final approval of the Settlement, in exchange for the $205,000.00 payment set forth above, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through March 1, 2012 from all state and federal claims asserted in the Complaint. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants regarding the claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Settlement Agreement provides that:

Released Claims means all wage-and-hour claims that were or could have been asserted under federal or state law for the period February 18, 2005 - March 1, 2012 by or on behalf of the Class Members against Matthew Zaloumis, Zaloumis Contracting Service, Inc., and Connect One Communications Corporation, d/b/a Connect/One, BR Management, LLC, CBA Management LLC, Cablevision Systems Corporation and CSC Holdings, LLC, and their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them.  The Released Claims include all claims under federal or state law for unpaid regular or overtime wages, any related wage-and-hour claims, all derivative benefit claims (both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees, expenses and costs related to such claims.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

### 12. How Do I Exclude Myself From The Settlement.

If you do not want a payment from this settlement, and you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Claims Administrator stating "I opt out of the Zaloumis wage and hour settlement" and include your name, job title, address, and telephone numbers ("Opt-out Statement").  To be effective, the Opt-out Statement must be mailed to the Claim Administrator via First Class United States Mail, postage prepaid, and received by [60 days from date of initial mailing], 2012.

[Claims Administrator]

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 17 below.

### 13. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?

No.  Unless you exclude yourself, you give up any rights to sue Defendants under state law for claims brought in this case or which could have been brought in this case and if you endorse the settlement check mailed to you, you give up any rights to sue Defendants under the FLSA.  If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this

settlement will affect your other case. Remember, the exclusion deadline is [60 days from date of initial mailing], 2012.

### 14. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims if the time to bring claims has not already passed.

# THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The law firms of Hepworth, Gershbaum, & Roth, PLLC, 192 Lexington Avenue, Suite 802, New York, N.Y. 10016, and Klafter Olsen & Lesser LLP, Two International Drive, Suite 350, Rye Brook, N.Y. 10573 represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to (33 1/3% of the settlement fund established by Defendants) to them for attorneys' fees plus litigation expenses and costs to be paid from the settlement fund. The fees would pay Class Counsel for investigating the facts and negotiating and overseeing the settlement. In addition, Class Counsel will ask the Court to approve payment to Five Class Representatives for their service to the Class in the amount of $2,500.00 per person. Defendants have agreed not to oppose the request for attorneys' fees and costs or service payments.

# OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court overrules your objection, you will still be bound by the terms of the settlement of your claims under state law unless you have submitted a valid and timely request for exclusion. To object,

you must send a letter saying that you object to the settlement. Your statement must include all reasons for the objection, supporting documentation and legal authority. Your statement must also include your name, job title, address, and telephone numbers.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection to the settlement claims administrator via First-Class United States Mail, postage prepaid at the address below. Your objection will not be heard unless it is mailed to the Claim Administrator via First Class United State Mail, postage prepaid, and received by [60 days from date of initial mailing].

## Claims Administrator

The Claims Administrator will file your objection statement with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

| 18. | What's the difference between objecting and excluding? |

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to present your objection, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, you may not speak unless you timely object in writing as described above in response to question 17 and notify the Court of your intention to appear at the fairness hearing.

| 19. | When and where will the Court decide whether to approve the settlement? |

The Court will hold a Fairness Hearing at _____ on _____, 2012, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom _____.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## GETTING MORE INFORMATION

**20.    Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing to Class Counsel. You may also contact the Claims Administrator or Class Counsel with questions about the settlement.

## **DO NOT CONTACT THE COURT ABOUT THIS MATTER**

4842-8446-8240, v. 1