USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/13

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CHRISTOPHER CABALLERO, JEREMY
CORTRIGHT, and CONROD LAIRD,
individually, and on behalf of all
others similarly situated,

                      Plaintiffs,           11 Civ. 1121 (DAB)
                                            MEMORANDUM AND ORDER
          v.

ZALOUMIS CONTRACTING SERVICE, INC.,
d/b/a CONNECTONE and MATTHEW
ZALOUMIS,

                      Defendants.
----------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

## INTRODUCTION AND SUMMARY

On February 19, 2013, the Court held a Fairness Hearing to consider the final certification of the Settlement Class, as well as the substantive and procedural fairness of the terms of the settlement on Plaintiffs' unopposed Motion for Approval of the Class and Collective Action Settlement and Other Relief. As set out in the Court's Final Order and Judgment, dated February 20, 2013, the Court finally certified the Settlement Class and approved the settlement in full. At the hearing, the Court indicated that it would file this Memorandum and Order, setting out the Court's rationale for final certification of the Class and approval of the settlement.

On February 18, 2011, Plaintiffs filed a Class and Collective Action Complaint against Zaloumis Contracting Service, Inc., BR Management, LLC, CBA Management, LLC, Connectone Communications Corp.,

1

Matthew Zaloumis, and Cablevision Systems Corp., alleging Defendants violated the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") by, among other things, failing to pay the legally required amount of overtime. (Pl. Mem. at 2-3.) On March 22, 2011, Plaintiffs amended the Complaint to include allegations against CSC Holdings, LLC, f/k/a CSC Holdings, Inc., a subsidiary of Defendant Cablevision Systems Corp. (Pl. Mem. at 3.) Plaintiffs' Second Amended Complaint, filed May 27, 2011, added Defendant Zaloumis Contracting Service, Inc., d/b/a Connect/One, and dismissed Defendant Connectone Communications Corp. (Pl. Mem. at 3.) On September 22, 2011, Plaintiffs agreed to dismiss Defendants Cablevision Systems Corp. and CSC Holdings LLC, f/k/a CSC Holdings, Inc., and the Court ordered the dismissal the following day. (Pl. Mem. at 3.) Plaintiffs subsequently agreed to dismiss Defendants BR Management, LLC and CBA Management, LLC, and on January 9, 2012, the Court ordered the dismissal of these Defendants. (Pl. Mem. at 3.)

On September 10, 2012, the Court entered an Order preliminarily approving the settlement, conditionally certifying the settlement class, appointing Marc Hepworth, Hepworth, Gershbaum, & Roth, PLLC and Fran Rudich, Klafter Olsen & Lesser LLP as Class Counsel, and authorizing the dissemination of the proposed settlement notice. The NYLL Class consists of cable installers/technicians who worked for Defendants at any time from February 18, 2005 through March 1, 2012. (Pl. Mem. at 5.) The FLSA Collective consists of cable

installers/technicians who worked for Defendants at any time from February 18, 2005 through March 1, 2012 who previously submitted consents to join or who endorse their settlement checks. (Pl. Mem. at 5.)

Before the Court today is Plaintiffs' Motion for Approval of the Class and Collective Action Settlement and Other Relief, including applications for an award of Class Counsel's attorneys' fees, reimbursement of Class Counsel's expenses, and approval of requested incentive awards to five Class Representatives. Defendants do not oppose Plaintiffs' motion.

The response to the settlement has been extremely positive. After the Claims Administrator sent out 282 notices, no class member timely submitted objections or sought to opt out of the settlement. (Pl. Mem. at 1-2.)

The Settlement Agreement creates a common fund of $205,000.00, which resolves all claims for (1) alleged unpaid wages, overtime, piecework premium pay, interest, liquidated damages; (2) attorneys' fees and litigation costs and expenses, including costs incurred for preparing and maintaining the Notices of Settlement to Class Members, retaining a Claims Administrator, and all other expenses relating to Class Counsel's application for approval of the Settlement; and (3) incentive awards of $2,500 each to five Class Representatives. (Pl. Mem. at 4.) Zaloumis Contracting Service, Inc. shall make three payments into the fund. (Settlement Agreement, § 3.1(A)-(B).) The

3

Settlement Claims Administrator, RG/2 Claims, shall make three payments to the FLSA Collective Members who endorse settlement checks, the NYLL Class Members, and Class Counsel. (Pl. Mem. at 6-7.) The FLSA Collective and NYLL Class Members shall be paid pursuant to an allocation formula that takes into account the number of weeks worked during the class period, with an allocation of 50% to allegedly unpaid wages and 50% to liquidated damages. (Pl. Mem. at 6.) If any checks to NYLL Class Members are not cashed within 90 days after they are mailed, the Claims Administrator shall refund to Connect One the amount of such checks. (Pl. Mem. at 6.) All payments to Class Members, other than Incentive Awards, shall be subject to applicable payroll and withholding taxes, and Federal, State, and City wage garnishments. (Pl. Mem. at 5.) The employer's share of FICA shall also be paid out of the Fund. (Pl. Mem. at 5.)

| CLASS CERTIFICATION                                                                                                                                         |||
|---|---|---|
| In order to certify the class as defined by Plaintiffs the Court will consider the criteria of Federal Rule of Civil Procedure 23(a) and (b).               |||
| COURT FINDING | EVIDENCE FROM PLAINTIFFS' SUBMISSION | LEGAL REQUIREMENT(S) SATISFIED |
| The class is so numerous that joinder of all members is impracticable. | Pl. Mem. at 17. ["[A] class of more than 40 people generally satisfies the numerosity requirement. Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995). Numerosity is satisfied here, where the settlement class size is 282."] | FRCP 23(a)(1) |

| | | |
|---|---|---|
| The Court finds that there are questions of law or fact common to the class. | Pl. Mem. at 18. ["[T]he claims of the Settlement Class Representative and the members of the State Law Class are predicated on the core common issues as to whether Connect One had a policy of not paying Cable Installers/Technicians for all hours worked over 40 in a workweek and whether Connect One knew or should have known that Class Members were working 'off-the-clock.'"] | FRCP 23(a)(2) |
| The Court also finds that under Rule 23(b)(3), these questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. | Pl. Mem. at 21-22. ["All of Plaintiffs' claims arise out of Plaintiffs' contention that Defendants had a policy of not paying Class Members overtime premium pay for all hours worked over 40 in a workweek and are unified by a common theory – that this policy violated the NYLL. . . . Plaintiffs maintain that for settlement purposes these are common operative facts and common questions of law that predominate over any factual variations in the circumstances of the Class members. . . . Plaintiffs also believe that superiority is met because this settlement will 'conserve judicial resources and is more efficient for Class Members, particularly those who lack resources to bring their claims individually.' . . . Here, the Plaintiffs and Class Members have limited financial resources and the class device is the only | FRCP 23(b)(3) |

| | | |
|---|---|---|
| | practical way to resolve their relatively small claims. . . . Finally, Plaintiffs' position is that resolution of this litigation by class settlement is superior to the individual adjudication of class members' claims for relief. The Settlement provides the Class with an ability to obtain prompt, predictable and certain relief, whereas individualized litigation carries with it great uncertainty, risk and costs, and provides no guarantee that any injured Settlement Class Member will obtain necessary and timely relief at the conclusion of the litigation process."] | |
| The Court finds that the claims or defenses of the representative parties are typical of the claims or defenses of the class. | Pl. Mem. at 19. ["Plaintiffs and the Class all worked for Connect One, were subject to the same policies, and their claims arise from Connect One's alleged failure to pay all overtime worked by the Class."] | FRCP 23(a)(3) |
| The Court finds that the representative parties will fairly and adequately protect the interests of the class. | Pl. Mem. at 19. ["Plaintiffs' attorneys are experienced and competent in complex litigation and have an established track record in wage and hour cases. . . . In turn, the Settlement Class representatives, Christopher Caballero, Jeremy Cortright, Conrod Laird, Pedrito George and Jason Turner, have no interests that are antagonistic to the Class and have demonstrated their allegiance to the Class throughout this litigation. They have provided a great benefit to the Class | FRCP 23(a)(4) [Also satisfies Goldberger Factor 4: The Quality of the Representation, and second half of Procedural Fairness standard: Class Counsel's Experience and Ability] |

| | through their participation in the investigation of this matter and during the discovery process."] | |
|---|---|---|
| colspan=3 | | |

Having received no objections to the preliminary class certification, and finding all of the criteria set forth in Federal Rule of Civil Procedure 23 have been satisfied, THE CLASS CERTIFICATION IS HEREBY FINALLY CONFIRMED.

## FAIRNESS

Under Federal Rule of Civil Procedure 23(e), to grant final approval of a settlement, the Court must determine whether the proposed settlement is fair, reasonable and adequate. In making this determination, the Court must review both the procedural and substantive fairness of a proposed settlement. To find a settlement procedurally fair, the Court must pay close attention to the negotiating process, to ensure that the settlement resulted from arm's-length negotiations, and that Plaintiffs' Counsel possessed the experience and ability, and engaged in the discovery necessary for effective representation of the class's interests. To find a settlement substantively fair, the Court reviews the 9 <u>Grinnell</u> Factors. <u>City of Detroit v. Grinnell Corp.</u>, 495 F.2d 448, 463 (2d Cir. 1974).

| COURT FINDING | EVIDENCE FROM SUBMISSION | LEGAL REQUIREMENT(S) SATISFIED |
|---|---|---|
| <u>PROCEDURAL FAIRNESS</u> The settlement resulted from "arm's length negotiations." Class Counsel possessed the requisite amount of experience and ability, and the parties engaged in the discovery necessary for effective representation of the Class's interests. | Arm's Length Negotiations and Class Counsel's Experience and Ability Pl. Mem. at 9, 19 ["Here, the settlement was reached through negotiations between each party's counsel, after the parties engaged in discovery and extensive investigation both into the merits of this case and that of similar type of cases. The parties assessed the strength of their claims and defenses and reached a settlement based on this information and arm's length negotiations. These negotiations, involving counsel well versed in wage and hour law, raise a presumption that this settlement meets the requirements of due process. . . . Plaintiffs' attorneys are experienced and competent in complex litigation and have an established track record in wage and hour cases."] | <u>D'Amato v. Deutsche Bank</u>, 236 F.3d 78, 85 (2d Cir. 2001), citing <u>Weinberger v. Kendrick</u>, 698 F.2d 61, 74 (2d Cir. 1982). The procedural fairness questions may also satisfy (depending on the facts), <u>Grinnell</u> Factor 3 (The Stage of the Proceedings and Amount of Discovery Completed) and <u>Goldberger</u> Factors 1 (Time and Labor Expended by Counsel) & 4 (Quality of the |

| | | Representation)]<br><br>City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974). |
|---|---|---|
| **SUBSTANTIVE FAIRNESS**<br>Courts in this Circuit review a proposed settlement agreement for substantive fairness according to the 9 Grinnell Factors:<br><br>(1) Litigation is complex, and would likely be costly and lengthy in duration. The Court finds Grinnell Factor 1 and Goldberger Factor 2 satisfied on these facts. | **Complexity, Expense and Likely Duration**<br>Pl. Mem. at 10. ["By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid significant expense and delay, and instead ensure recovery for the class. . . . 'Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them.' . . . In complex wage and hour litigation, involving both federal and state statutory rights, protracted litigation is costly and burdensome, including motion practice and potential appeals over class certification. . . . This case is no exception to these general rules. Although there has been discovery, (Gershbaum Dec. ¶¶ 12-14), additional discovery would be required to establish class and collective certification, followed by Defendants' likely decertification motion(s), as well as discovery on liability and damages causing additional expense and delay."] | Grinnell Factor 1: The complexity, expense and likely duration of the litigation.<br><br>[Also satisfies Goldberger Factor 2: The magnitude and complexities of the litigation.] |
| (2) The reaction of the class to the settlement has been positive. | **Reaction of Class**<br>Pl. Mem. at 10-11. ["[O]ut of the 282 class members, no Class Member has objected to the Settlement and none have requested exclusions."] | Grinnell Factor 2: The reaction of the class to the settlement. |
| (3) Proceedings have progressed and sufficient discovery has | **Stage of Proceedings and Discovery.**<br>Pl. Mem. at 11-12. ["Although preparing this case through trial would require many more | Grinnell Factor 3: The stage of the proceedings and the amount of |

| | | |
|---|---|---|
| been completed to understand Plaintiffs' claims and negotiate settlement terms. | hours of discovery, trial preparation, and motion practice for both sides, the parties have completed enough discovery to recommend settlement. . . . [T]he discovery here shows that the parties engaged in 'an aggressive effort' to litigate this case. The parties engaged in substantial investigation and litigation before agreeing to resolve this case. Plaintiff obtained, reviewed, and analyzed thousands of pages of hard-copy documents including, but not limited to, Defendants' timekeeping practices, payroll data, time records, wages paid, and other relevant information before agreeing to resolve this case. (Gershbaum Dec. ¶ 7). In addition, counsel had the benefit of the very knowledgeable Plaintiffs', which [sic] provided detailed information of Defendants' practices."] | discovery completed. |
| (4), (5), and (6) The risks of litigation – including establishing liability, establishing damages, and maintaining the class action through trial – are significant. | **Risks of Establishing Liability and Damages (Grinnell Factors 4 & 5)** Pl. Mem. at 13-14. ["Although Plaintiffs believe their case is strong, it is subject to non-negligible risks as to liability and damages because 'the fact-intensive nature of Plaintiffs' off-the-clock claim presents risk.' . . . . Not only would Plaintiffs need to obtain certification of both the FLSA and NYLL classes but afterwards, would need to defeat Defendants' likely motions for decertification and summary judgment. Finally, even if Plaintiffs defeated decertification and survived summary judgment, they would need to prevail at trial. . . . A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the NYLL. In addition, in light of the affirmative defenses available to Defendants, such a trial would pose substantial risk as to both liability and damages. While Plaintiffs believe that their claims are meritorious, their counsel are experienced and realistic, | Grinnell Factor 4: The risks of establishing liability. Grinnell Factor 5: The risks of establishing damages. |

| | | |
|---|---|---|
| | and understand that the resolution of the liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain."] | |
| | **Risks of Maintaining Class Action Through Trial.** Pl. Mem. at 14. ["Although Plaintiffs believe that they would obtain class certification, the Defendants can be expected to move to decertify before trial, thereby forcing another round of briefing. . . . They may also seek permission to file an interlocutory appeal under Fed. R. Civ. P. 23(f). . . . Risk, expense, and delay permeate such a process."] | Grinnell Factor 6: The risk of maintaining the class action through the trial. [The Court's findings on Grinnell Factors 4, 5 and 6 also satisfy Goldberger Factor 3: The risk of the litigation] |
| (7) Defendants' ability to withstand a greater judgment is not clear. | **Defendants' Ability to Withstand Greater Judgment.** Pl. Mem. at 14-15. ["Connect One's ability to withstand a greater judgment and its financial stability is in serious doubt. Connect One has claimed, which Plaintiffs have confirmed, that it may not be able to sustain a substantial verdict. Various issues including the economy and other business issues have caused complications that could result in dissolution of the company. It is doubtful that, absent this Settlement, the Class Members would receive anything from this case."] | Grinnell Factor 7: The ability of the Defendant to withstand greater judgment. |
| (8) and (9) The settlement is reasonable in light of: (a) Plaintiffs' best possible recovery, and (b) the attendant risks of litigation. | **Reasonableness of Settlement Fund in Light of Best Possible Recovery and Attendant Risks of Litigation** Pl. Mem. at 15-16. ["In the light of the best possible recovery, and given the attendant risks of litigation and Defendants' insolvency, Defendants' agreement to settle for a substantial amount, $205,000.00, is fair and reasonable. . . . Each eligible Class Member will receive a payment based upon his or her number of weeks of employment with Defendants."] | Grinnell Factor 8: The range of reasonableness of the settlement fund in light of the best possible recovery. Grinnell Factor 9: The range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. |

10

| | | |
|---|---|---|
| Having considered the procedural and substantive factors, the Court find the proposed settlement to be fair, reasonable and adequate under Federal Rule of Civil Procedure 23 and THE SETTLEMENT IS HEREBY APPROVED. | | |
| **FLSA SETTLEMENT**<br><br>As the settlement was the result of litigation and arm's length negotiation, the Court finds that the FLSA settlement is fair and reasonable, and the settlement is hereby approved. | Pl. Mem. at 2-4. [The settlement was the result of litigation and arm's length negotiation. During the litigation and mediation, Plaintiffs and Defendants were represented by counsel.] | "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." <u>Dorn v. Eddington Sec., Inc.</u>, No. 08 Civ. 10271, 2011 WL 9380874, at *4 (S.D.N.Y. Sept. 21, 2011). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." <u>Id.</u> (internal quotation marks omitted). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." <u>Id.</u> |
| To ensure the appropriateness of attorneys' fees and costs, the Court will now review the six <u>Goldberger</u> criteria. <u>Goldberger v. Int. Resources</u>, 209 F.3d 43, 50 (2d Cir. 2000).<br><br><u>ATTORNEYS' FEES</u><br><br>The Second Circuit has recognized that a | Pl. Mem. at 22-23. [Class Counsel has requested an award of attorneys' fees in the amount of $67,650.00, which is 33% of the common fund of $205,000.00. Class counsel also seeks reimbursement for litigation costs in the amount of $2,669.05. The 243.55 hours spent on the litigation results in a total lodestar of $125,069.50.] | The Marketplace is the Guide:<br>"We have consistently looked to the marketplace as our guide to what is 'reasonable.'" <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 285 (1989). |

11

| | | |
|---|---|---|
| district court may calculate reasonable attorney fees by either the lodestar method or the percentage method. Goldberger, 209 F.3d at 50. The proposed attorneys' fee, calculated here according to the lodestar method, is reasonable.<br>No matter which method is chosen, District Courts should be guided by the six traditional Goldberger criteria in determining a reasonable common fund fee. Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000). The six Goldberger Factors are: | | |
| (1) Counsel has expended considerable time and labor on behalf of Plaintiffs. | Pl. Mem. at 23. ["[T]he firms spent a total of 243.55 hours litigating and settling these matters with a resulting total lodestar of $125,069.50. Gershbaum Declaration ¶ 32. The requested fee of $67,650.00 is far less than the lodestar and results in a negative multiplier of approximately .54."] | Goldberger Factor 1: The requested fee in relation to the settlement. |
| (2) The litigation is complex and of large magnitude. | The Court's earlier findings satisfying Grinnell Factor 1 also satisfy Goldberger Factor 2. | Goldberger Factor 2: The magnitude and complexities of the litigation. |
| (3) The risks of litigation for Plaintiffs are substantial. | The Court's earlier findings satisfying Grinnell Factors 4, 5 & 6 also satisfy Goldberger Factor 3. | Goldberger Factor 3: The risk of litigation. |

| | | |
|---|---|---|
| (4) Representation of class counsel is of high quality. | Pl. Mem. at 24. ["Class Counsel are experienced lawyers in wage and hour litigation and have prosecuted large-scale wage and hour collective and class actions."] The Court's earlier findings on counsel's experience and ability, as well as discovery and other labor expended in this matter, also satisfy Goldberger Factor 4. | Goldberger Factor 4: The quality of representation. |
| (5) The requested attorneys' fees are reasonable in relation to Parties' settlement. | Pl. Mem. at 24-25. ["Where counsel has obtained a common fund settlement, courts in the Second Circuit routinely award one-third of the fund to Class Counsel. . . . Here, Class Counsel requests one-third of the common fund after deduction of legal costs which is in-line with the practice in this Circuit."] | Goldberger Factor 5: The requested fee in relation to the settlement. |
| (6) Requested attorneys' fees are not contrary to public policy. | Pl. Mem. at 24-25. [Public policy favors a common fund attorneys' fee award, because fee awards encourage attorneys to provide legal services to those with small wage claims and discourage future misconduct. "This is particularly true here where the value of each individual claim is relatively small and the cost to litigate would easily trump it."] | Goldberger Factor 6: Public policy considerations. |
| **ATTORNEYS' EXPENSES**<br><br>The Court finds that expenses in this matter are reasonable. | Pl. Mem. at 25. ["Class Counsel's unreimbursed expenses include filing fees, mediation services, Claims Administrator costs, transportation, meals, research, Gershbaum Decl. ¶ 27. These costs were necessary and incidental to represent the class."] | "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients."<br>In re Independent Energy Holdings PLC Securities Litigation, 302 F. Supp. 2d 180, 183 (S.D.N.Y. 2003) |

| | | |
|---|---|---|
| Having conducted the <u>Goldberger</u> analysis, the Court finds the requested attorneys' fees of $67,650.00 to be reasonable and the attorneys' fees are HEREBY APPROVED. Likewise, the Court finds attorneys' expenses of $2,669.05 to be reasonable and those expenses are HEREBY APPROVED. | | |
| <u>INCENTIVE AWARDS</u><br>Requested Incentive Awards are reasonable and justified to compensate Class Representatives for the services they provided and the risks they incurred during the course of the class action litigation. | Pl. Mem. at 26-27. [Plaintiffs move this Court to approve incentive awards of $2500.00 each to Class Representatives Christopher Caballero, Jeremy Cortright, Conrod Laird, Pedrito George, and Jason Turner. These individuals "all provided substantial support to this litigation. Gershbaum Decl. at ¶ 7. They aided Class Counsel when investigating the cases and in formulating responses to Interrogatories and Document Requests. The Settlement Class Representatives provided valuable information about their experiences working for Connect One, made themselves available as needed, and stayed in touch with Class Counsel throughout the litigation. See Gershbaum Decl. at ¶ 7."] | "Incentive awards are not uncommon in class action cases and are within the discretion of the court. Courts look for the existence of 'special circumstances' when determining whether an award is justified and, if so, in what amount." Factors to consider include: "the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by the plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), and other burdens sustained by the plaintiff in lending himself or herself to the prosecution of the claim, and of course, the ultimate recovery." <u>In Re AOL Time Warner ERISA Litigation</u>, 2007 WL 3145111 at *2 (S.D.N.Y. 2007). |
| <u>CLAIMS ADMINISTRATOR'S FEE</u><br><br>The Court finds that the fee is reasonable in | Pl. Mem. at 22-23. [The Parties seek the Court's approval of the Claims | |

| relation to the work expended. The fee is hereby approved. | Administrator's fee of $15,000.00.] | |

The Fairness Hearing of February 19, 2013, the Final Order and Judgment signed by the Court February 20, 2013, and this Memorandum and Order constitute the Court's findings and rulings in this matter.

SO ORDERED.

Dated: New York, New York
       February 20, 2013

 

_Deborah A. Batts_
Deborah A. Batts
United States District Judge

15